# IN RE MOORE.

---

PATENTS; PATENTABILITY; INVENTION; APPEAL AND ERROR.

1. That which distinguishes invention from mechanical skill is not determinable by the simplicity of the alleged invention alone, as it often occurs that when one has succeeded in devising a means to accomplish a long-desired end, it may seem plain to anyone that he could have done it as easily and as well had his attention been called to it.

2. In case of ordinary doubt as to whether an application for a patent should be granted or refused, the applicant should be given the benefit of the doubt, as no absolute right of property is conferred by the grant of a patent. (Following *Re Thomson*, 26 App. D. C. 419.)

3. On an appeal from a decision of the Commissioner of Patents rejecting claims of an application for a patent for an invention consisting of a pad or cushion comprising a roll of cotton, to be worn between the gums and lower plate of artificial teeth, the roll being reduced in thickness at its middle portion to facilitate its bending, the decision was *reversed*, although the court entertained doubt as to whether the claims showed invention, where the application was supported by numerous affidavits from dentists and others, that the manner in which the applicant's roll was prepared afforded an effective remedy for troubles with false teeth and tender gums, and that they had constantly exercised their ingenuity and skill to find a remedy, but without success. - (Distinguishing *Re Faber*, 31 App. D. C. 531.)

No. 732. Patent Appeals. Submitted January 8, 1912. Decided February 5, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents.          *Affirmed in part and reversed in part.*

The facts are stated in the opinion.

*Mr. E. W. Bradford* and *Messrs. Minturn & Woerner* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from a decision rejecting an application for a patent having five claims, as follows:

"1. A soft elastic pad or cushion of cotton, to be worn between the gums and plates of artificial teeth.

"2. The combination with a plate for artificial teeth of a pad or cushion of cotton interposed between said plate and gums.

"3. A pad or cushion to be worn between the gums and lower plate of artificial teeth, comprising a roll of cotton reduced in thickness at its middle portion to facilitate the bending of the roll into U shape, to fit the contour of the plate.

"4. As a pad or cushion to be worn between the gums and the lower plate of artificial teeth, a roll of cotton reduced in thickness at its middle portion to facilitate the bending of the roll into a U shape, to fit the plate, the ends of said roll being also reduced in thickness.

"5. A pad or cushion for artificial teeth comprising cotton formed into a roll and bent into a U shape to fit the plate for the teeth, the ends of said roll being reduced in diameter."

Claims 1 and 2 were rejected specifically on reference to a prior patent to Stapleton; the others generally as failing to show invention.

Appellant, John Moore, admitting doubt as regards claims 1, 2, and 5, has abandoned them. He, of course, does not deny that cotton rolls and pads have been used in dentistry as well as in other arts, but contends that there is utility in his method of preparing the roll and its use, and that its discovery

is an exercise of the invention faculty, and therefore patentable. During the proceedings in the Office, applicant filed numerous affidavits in support of his claim of patentable novelty. Many of these were by dentists of skill and long experience. These were in substance, that their attention had been repeatedly called to the troubles with false teeth and tender gums, for which applicant has provided an effective remedy; that they had constantly exercised their ingenuity and skill to find a remedy, but without success; that the manner in which applicant's roll is prepared for use affords an effective remedy that has gone into wide use; that they regard it, by reason of the facts stated, as more than an exercise of mechanical skill. Some other affidavits by persons using the article attest the long search for relief without success, and the effectiveness of the applicant's prepared roll.

The difficulty is the constant one involved in the ascertainment of that elusive boundary between invention and mechanical skill. The "impalpable something" that distinguishes one from the other is not determinable by the simplicity of the alleged invention alone. It often occurs that when one has succeeded in devising a means to accomplish a long-desired end, it may seem plain to anyone that he could have done it as easily and as well had his attention been called to it. This has been the case with some inventions of great merit. In this instance the attention of men skilled in the art had long been called and directed to the end accomplished by the applicant, and their mechanical skill had been exerted in vain. The article devised by him has gone into use on its merits and proved its utility. Confessing some doubt, we have come to the conclusion that the patent ought to be granted. As said in the case of Re Thomson, 26 App. D. C. 419–425, "in case of ordinary doubt, the policy of the patent system, as customarily maintained in the Patent Office, has been to give the applicant the benefit thereof, because no absolute right of property is conferred by the grant of a patent." This doubt was resolved in favor of Stapleton, whose patent has been cited as a reference in this case. His device, of a different kind, in-

tended to relieve the pressure of the upper plate, shows no greater evidence of invention than does the applicant's. The case is quite different from that of *Re Faber*, 31 App. D. C. 531.

The decision rejecting claims 1, 2, and 5 will be affirmed, but as to claims 3 and 4 will be reversed. It is so ordered. The Clerk will certify this decision to the Commissioner of Patents.            *Affirmed in part and reversed in part.*